# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. CARDEN, JR., et al., | No. CIV S-09-1799-WBS-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| CHENEGA SECURITY & PROTECTION SERVICES, LLC, | |
| Defendant. | |
| _____/ | |

      Plaintiffs bring this civil action alleging age discrimination.  Pending before the court is plaintiffs' request to modify subpoenas issued by defendant to third parties (Doc. 14).  The matter was heard before the undersigned on May 27, 2010, at 10:00 a.m.  Michael Barr Cogan, Esq., appeared for plaintiffs.  Dale R. Kuykendall, Esq., appeared for defendant.  Following oral argument, the matter was taken under submission.

      All 14 plaintiffs were working full-time in 2007 as armed security officers employed by Pinkerton Government Services, which had the U.S. government contract to provide security at Shasta and Keswick Dams.  As of November 1, 2007, the Pinkerton contract was taken over by defendant.  Prior to the take-over, all plaintiffs applied to defendant to be

retained to work in the same capacity they had worked with Pinkerton. All plaintiffs were denied employment. Plaintiffs allege they were denied employment based on their age.

Defendant seeks discovery of documents from third parties, namely former employers and, for those plaintiff's who indicated prior military service, the military. As to records from former employers, defendant's subpoenas request:

> All notes, communications, correspondence, electronic information, records and documents of any kind that pertain to plaintiff's employment, including but not limited to: Plaintiff's entire personnel file; earnings and payroll records; job applications, resumes and other documents reflecting work qualifications and experience; attendance records; disciplinary and performance-related records, counselings and evaluations; documents reflecting complaints by or concerning plaintiff and any related investigations; pre-employment tests or examinations; incident reports; and workers' compensation-related documents.

Defendant limited its requests for prior employment records to employment within the past 10 years. As to military records, defendants' subpoenas request:

> All noted, communications, correspondence, electronic information, records and documents of any kind that pertain to plaintiff's military service, including but not limited to: Plaintiff's entire service file, records of plaintiff's dates of service; earnings and payroll records; proficiency and conduct reports; disciplinary and performance-related records, counselings and evaluations; documents reflecting complaints by or concerning plaintiff and any related investigations; incident reports; and discharge information including a copy of plaintiff's DD-214.

Plaintiffs bring the instant motion pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), which requires the court to modify or quash a subpoena which "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Thus, the only issue before the court on plaintiffs' motion is whether the subpoenas issued by defendant seek privileged or other protected information. Plaintiffs' discussion of relevance and remoteness are not applicable to their motion. Other vehicles exist under the federal rules to assert that discovery is overbroad, burdensome, remote, or irrelevant. Plaintiffs, however, chose to bring their motion under Rule 45(c)(3)(A)(iii), which requires the court to limit discovery into privileged or other protected matters.

At the hearing, plaintiffs' counsel stated that plaintiffs' concern was that the subpoenas potentially called for confidential medical records. Defendant's counsel stated that it was never his intent to seek medical records. The parties agreed that modifying the subpoenas to specifically exclude any medical records would address plaintiffs' concern. This shall, therefore, be the order of the court as to all subpoenas. The court finds that sanctions are not warranted in this case and will deny defendant's request for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to modify and/or quash subpoenas pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) (Doc. 14) is granted in part and denied in part;

2. All subpoenas issued to former employers and the military are hereby modified to specifically exclude any confidential medical information; and

3. Defendant's request for sanctions is denied.

DATED: May 28, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE