1  MICHAEL COGAN ATTORNEY AT LAW
   MICHAEL COGAN (SBN:  65479)
2  1388 Court Street, Suite E
   Redding, California 96001
3  Telephone:  (530) 246-1112
   Facsimile:  (530) 243-6079
4  E-mail:  michaelcogan@sbcglobal.net

5  NAGELEY, MEREDITH AND MILLER
   ANDREA MILLER (SBN:  88992)
6  8001 Folsom Boulevard, Suite 100
   Sacramento, California 95826
7  Telephone:  (916) 386-8282
   Facsimile:  (916) 386-8952
8  E-mail:   AMiller@NMLawFirm.com

9     Attorneys for Plaintiffs

10 JACKSON LEWIS LLP
   CARY G. PALMER (SBN 186601)
11 DALE R. KUYKENDALL (SBN 148833)
   JERRY J. DESCHLER, JR (SBN 215691)
12 801 K Street, Suite 2300
   Sacramento, California  95814
13 Telephone:  (916) 341-0404
   Facsimile:  (916) 341-0141
14 E-mail:  palmerc@jacksonlewis.com
   E-mail:  kuykendd@jacksonlewis.com
15 E-mail:  deschlerj@jacksonlewis.com

16 Attorneys for Defendant

17              UNITED STATES DISTRICT COURT

18              EASTERN DISTRICT OF CALIFORNIA

| 19 | JAMES T. CARDEN, JR., ROBERT L. FOX, | Case No. 2:09-CV-01799-WBS-CMK |
| 20 | LEON W. HEDERICK, ROBERT B. KLEE, GEORGE M. LEMBO, LOREN E. LOVELAND, | **STIPULATION FOR PROTECTIVE ORDER;** |
| 21 | TERRY D. MYERS, CHARLES R. SAMUELSON, MICHAEL B. SCHAEFER, | |
| 22 | ARTHUR J. SCHUBERT, THURLOW E. WILLIAMS, MICHELLE W. WOODS, | **ORDER** |
| 23 | RAYMOND E. YOUNG, WILLIAM H. ZIEGLER, | |
| 24 |              Plaintiffs, | |
| 25 |              v. | |
| 26 | CHENEGA SECURITY PROTECTION SERVICES, LLC, | |
| 27 | | |
| 28 |              Defendant. | |

All Parties to the above-entitled action, along with their counsel of record, hereby stipulate and agree as follows:

    1.    <u>PURPOSES AND LIMITATIONS</u>.

Disclosure and discovery activity in this action are likely to involve production of information protected by third parties' right to privacy under the United States Constitution and Article I, section 1 of the California Constitution and applicable law confidential, proprietary, or private information and/or information a party or parties consider trade secret for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order to protect the information and materials at issue. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable legal principles. Nothing contained herein shall prohibit the parties from contacting and interviewing any witness. No employee or agent of any Party to this action who has or had access to any Protected Material is required to sign the Acknowledgment to be Bound before being allowed to testify in regard to any such Protected Material.

    2.    <u>DEFINITIONS</u>.

    2.1    <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and house and outside counsel (and their support staff).

    2.2    <u>Disclosure or Discovery</u>: Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    <u>"Confidential" Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that may qualify for protection under standards developed under California Civil Code section 3426.5 or other laws pertaining to confidential

///

1

information, including but not limited to: confidential business information; trade secrets; personnel information regarding employees other than Defendant; information regarding insured persons or entities; private or nonpublic information of nonparties; or other confidential research development or commercial information of Plaintiff and other third parties.

2.4    <u>"Highly Confidentia1- Attorneys' Eyes Only" Information or Items</u>: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take all reasonable and prudent steps and care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of

///

3

Stipulation for Protective Order; Order                    Carden, et al. v. Chenega Security Protection Services, LLC
                                                           USDC ED Case No. 2:09-CV-01799-WBS-CMK

protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

        (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

        A Party or non-party that makes original documents or materials available for inspection prior to producing such documents need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL  ATTORNEYS' EYES ONLY."

        (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

4

have up to 30 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony (including reference to exhibits) that are appropriately designated for protection within the 30 days from receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages and exhibits containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY COFIDENTIAL – ATTORNEYS' EYES ONLY

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY COFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY COFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

5

Stipulation for Protective Order; Order                                    Carden, et al. v. Chenega Security Protection Services, LLC
                                                                           USDC ED Case No. 2:09-CV-01799-WBS-CMK

economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or written communication; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a noticed motion or seek *ex parte* relief that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

6

1   disclosed only to the categories of persons and under the conditions described in this Order.

2   When the litigation has been terminated, a Receiving Party must comply with the provisions of

3   section 11, below (FINAL DISPOSITION).

4           Protected Material must be stored and maintained by a Receiving Party at a

5   location and in a secure manner that ensures that access is limited to the persons authorized under

6   this Order.

7           7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

8   ordered by the Court or permitted in writing by the Designating Party, any information or item

9   designated CONFIDENTIAL may be disclosed only to:

10          (a)     the Receiving Party and any consultant thereto who have signed

11  the "Agreement to Be Bound by Protective Order"

12          (b)     the Receiving Party's Outside Counsel of record in this action, as

13  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

14  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

15  attached hereto as Exhibit A;

16          (c)     the officers, directors, and employees (including House Counsel) of

17  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

18  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

19          (d)     experts (as defined in this Order) of the Receiving Party to whom

20  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21  Bound by Protective Order" (Exhibit A);

22          (e)     the Court and its personnel;

23          (f)     court reporters, their staffs, and professional vendors to whom

24  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25  Bound by Protective Order" (Exhibit A);

26          (g)     during their depositions, witnesses in the action to whom disclosure

27  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

28  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

7

1   Protected Material must be separately bound by the court reporter and may not be disclosed to

2   anyone except as permitted under this Stipulated Protective Order.

3             (h)      the author of the document or the original source of the

4   information.

5             7.3      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

6   ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by

7   the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL -

8   ATTORNEYS' EYES ONLY" may be disclosed only to:

9             (a)      the Receiving Party's Outside Counsel of record in this action, as

10   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

11   for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

12   attached hereto as Exhibit A;

13             (b)      Experts (as defined in this Order) (1) to whom disclosure is

14   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

15   Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

16   below, have been followed;

17             (c)      the Court and its personnel;

18             (d)      court reporters, their staffs, and professional vendors to whom

19   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

20   Bound by Protective Order" (Exhibit A); and

21             (e)      the author of the document or the original source of the

22   information.

23             7.4      Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" Information or Items to "Experts"

25             (a)      Unless otherwise ordered by the Court or agreed in writing by the

26   Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

27   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

8

specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a noticed motion or seek *ex parte* relief seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9

1        8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

2 <u>OTHER LITIGATION</u>.

3        If a Receiving Party is served with a subpoena or an order issued in other litigation that

4 would compel disclosure of any information or items designated in this action as

5 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

6 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

7 and in no event more than five court days after receiving the subpoena or order. Such notification

8 must include a copy of the subpoena or Court order.

9        Prior to providing any material in response to the subpoena or order, the Receiving Party

10 must inform in writing the Party who caused the subpoena or order to issue in the other litigation

11 that some or all the material covered by the subpoena or order is the subject of this Protective

12 Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order to

13 the Party in the other action that caused the subpoena or order to issue.

14        The purpose of imposing these duties is to alert the interested parties to the existence of

15 this Protective Order and to afford the Designating Party in this case an opportunity to try to

16 protect its confidentiality interests in the Court from which the subpoena or order issued. The

17 Designating Party shall bear the burdens and the expenses of seeking protection in that Court of

18 its confidential material, and nothing in these provisions should be construed as authorizing or

19 encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

20        9.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

21        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22 Material to any person or in any circumstance not authorized under this Stipulated Protective

23 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

25 inform the person or persons to whom unauthorized disclosures were made of all the terms of this

26 Order, (d) return Protected Material to the Designating Party; and (e) request such person or

27 persons who received Protected Material to execute the "Acknowledgment and Agreement to Be

28 Bound" that is attached hereto as Exhibit A.

1      10.     **FILING PROTECTED MATERIAL.**

2         10.1.    Without written permission from the Designating Party or a Court order

3 secured after appropriate notice to all interested persons, a Party may not file in the public record

4 in this action any Protected Material.  A Party that seeks to file any Protected Material may do so

5 under seal and/or otherwise pursuant to this Court's instruction or procedure for such filings.

6         10.2     Nothing in this Agreement shall limit a party's right or ability to utilize

7 Protected Material at trial subject to the Court's authority pursuant to Civil Code section 3426.5

8 to issue orders designed to protect the confidentiality of Designated Material to be used at trial.

9      11.     **FINAL DISPOSITION.**

10      Upon final termination of this Action, and at the written request of the Designating Party,

11 all Designated Material and all copies thereof shall, within 30 days of such request be:  (1)

12 returned to counsel for the party or non-party that produced the material; or (2) destroyed.

13 Notwithstanding this paragraph, counsel for the parties may retain pleadings, correspondence,

14 attorney and consultant work product, deposition transcripts and exhibits, and a copy of

15 Designated Material for archival purposes.

16      12.     **ADDITIONAL PARTIES ADDED.**

17      All parties who may be added or whom may join the litigation after execution of this

18 Order shall agree in writing to its terms or be deemed non-parties for the purpose of this Order.

19      13.     **NO EFFECT OF WAIVER.**

20      Nothing in this Order, nor the production of any information or document under the terms

21 of the Order, nor any proceeding pursuant to this Order, shall be deemed to have the effect of an

22 admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any

23 such document or information.

24      14.     **MISCELLANEOUS.**

25         14.1     **Right to Further Relief**. Nothing in this Order abridges the right of any

26 person to seek its modification by the Court in the future.

27         14.2     **Right to Assert Other Objections**. By stipulating to the entry of this

28 Protective Order no Party waives any right it otherwise would have to object to disclosing or

11

Stipulation for Protective Order; Order      Carden, et al. v. Chenega Security Protection Services, LLC
USDC ED Case No. 2:09-CV-01799-WBS-CMK

1   producing any information or item on any ground not addressed in this Stipulated Protective

2   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

3   the material covered by this Protective Order.

4   IT IS SO STIPULATED.

5   Date:  September __, 2010                    MICHAEL COGAN, ATTORNEY AT LAW

6

7                                               By: _____

8                                                   Michael Cogan

9                                                   Attorneys for Plaintiffs
                                                    JAMES T. CARDEN, JR., ROBERT L.
10                                                  FOX, LEON W. HEDERICK, ROBERT
                                                    B. KLEE, GEORGE M. LEMBO,
11                                                  LOREN E. LOVELAND, TERRY D.
                                                    MYERS, CHARLES R. SAMUELSON,
12                                                  MICHAEL B. SCHAFFER, ARTHUR J.
                                                    SCHUBERT, THURLOW E.
13                                                  WILLIAMS, MICHELLE W. WOODS,
                                                    RAYMOND E. YOUNG, WILLIAM H.
14                                                  ZIEGLER

15  Date:  September __, 2010                    NAGELEY, MEREDITH AND MILLER

16

17                                              By: _____

18                                                  Andrea Miller

19                                                  Attorneys for Plaintiffs
                                                    JAMES T. CARDEN, JR., ROBERT L.
20                                                  FOX, LEON W. HEDERICK, ROBERT
                                                    B. KLEE, GEORGE M. LEMBO,
21                                                  LOREN E. LOVELAND, TERRY D.
                                                    MYERS, CHARLES R. SAMUELSON,
22                                                  MICHAEL B. SCHAFFER, ARTHUR J.
                                                    SCHUBERT, THURLOW E.
23                                                  WILLIAMS, MICHELLE W. WOODS,
                                                    RAYMOND E. YOUNG, WILLIAM H.
24                                                  ZIEGLER

25

26

27

28

12

1  Date:  September __, 2010                    JACKSON LEWIS LLP

2

3                                        By: _____

4                                              Cary G. Palmer
                                               Dale R. Kuykendall
5                                              Jerry J. Deschler, Jr.

6                                              Attorneys for Defendant
                                               CHENEGA SECURITY PROTECTION
7                                              SERVICES, LLC

8

9
        The terms of the Stipulation and Protective Order are hereby approved and adopted.
10
     IT IS SO ORDERED.
11

12   Dated:  ___10/13/2010_____        __/s/Craig M. Kellison_____
                                              Craig M. Kellison
13                                            United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            13

Stipulation for Protective Order; Order          Carden, et al. v. Chenega Security Protection Services, LLC
                                                 USDC ED Case No. 2:09-CV-01799-WBS-CMK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. CARDEN, JR., ROBERT L. FOX, LEON W. HEDERICK, ROBERT B. KLEE, GEORGE M. LEMBO, LOREN E. LOVELAND, TERRY D. MYERS, CHARLES R. SAMUELSON, MICHAEL B. SCHAEFER, ARTHUR J. SCHUBERT, THURLOW E. WILLIAMS, MICHELLE W. WOODS, RAYMOND E. YOUNG, WILLIAM H. ZIEGLER, | Case No. 2:09-CV-01799-WBS-CMK **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| Plaintiffs, | |
| v. | |
| CHENEGA SECURITY PROTECTION SERVICES, LLC, | |
| Defendant. | |

1.      My name is_____. I live at _____.

I am employed as (state position) _____ (state name and

address of employer) _____.

2.      I have read the Stipulation and Protective Order (the "Order") that has been

entered in this Action, and a copy of it has been given to me.  I understand the provisions of this

Order, and agree to comply with and to be bound by its provisions.  I submit to the jurisdiction of

this Court for purposes of enforcing any of the terms or provisions of the Order.

3.      I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.


_____

Stipulation for Protective Order; Order

Carden, et al. v. Chenega Security Protection Services, LLC
USDC ED Case No. 2:09-CV-01799-WBS-CMK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15

Stipulation for Protective Order; Order

Carden, et al. v. Chenega Security Protection Services, LLC
USDC ED Case No. 2:09-CV-01799-WBS-CMK