# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. CARDEN, JR., et al.,           No. CIV S-09-1799-WBS-CMK

    Plaintiffs,

  vs.                                  ORDER

CHENEGA SECURITY &
PROTECTION SERVICES, LLC,

    Defendant.

_____/

        Plaintiff brings this civil action alleging age discrimination.[1]  Pending before the court are: (1) plaintiff's motion to withdraw deemed admissions (Doc. 75); and (2) defendant's motion to compel discovery responses (Doc. 74).[2]  A hearing was held before the undersigned on March 28, 2011, in Redding, California.  Michael Cogan, Esq., appeared for plaintiff.  Jerry Deschler, Jr., Esq., appeared for defendant.  Plaintiff was also present.

---

[1] Of the multiple plaintiffs who filed this action, only plaintiff George M. Lembo remains.

[2] Defendant requests consideration of its motion to compel only in the event the court grants plaintiff's motion to withdraw deemed admissions.

### I.  BACKGROUND

On November 24, 2010, defendant served on plaintiff three discovery requests: requests for admissions; interrogatories, set two; and requests for production of documents, set two.  Pursuant to a stipulated extension, responses were due by January 3, 2011.[3]  On or about December 30, 2010, it appeared that the case had settled.  According to plaintiff's attorney, defendant's attorney informed him not to worry about responses because a settlement had been reached.  Defendant's attorney does not agree that this conversation occurred.  Plaintiff's attorney stated "If [defendant's counsel] Mr. Kuykendall had not said that, [plaintiff's counsel] Mr. Cogan would have asked for a specific date for an extension of time to respond to the discovery. . ., or he would have served responses on January 3, 2011."

By January 10, 2011, it became clear that plaintiff Lembo would not agree to the terms of the global settlement and plaintiff's attorney notified defendant's attorney of this fact.  Plaintiff's attorney states that there was no discussion of any discovery being overdue.  Over the next several days, counsel submitted various stipulated orders to the court regarding changes to the schedule for the case.  At no time during the conversations leading up to these stipulations was there a discussion of any overdue discovery responses or that objections had been waived and admissions deemed admitted.  Sometime during the week of January 18, 2011, counsel spoke regarding the various stipulated extensions.  During this conversation, counsel discussed discovery responses but there was no discussion of responses being overdue.  On February 10, 2011, plaintiff's attorney received a letter from defendant's attorney indicating that responses to interrogatories, set two, and requests for production, set two, had not been received and, as a result, all objections were waived.  Counsel also stated that, because no responses to requests for admissions had been received, all admissions were deemed admitted.  Plaintiff's counsel states that he served responses "[t]he day after Plaintiff learned that he had inadvertently failed to

---

[3] The parties dispute the exact history of how this extension came to be.

2

served the Response to Request for Admissions, February 11, 2011. . . ."

## II.  DISCUSSION

Federal Rule of Civil Procedure 36(a)(3) provides that a matter is automatically admitted if a response to a request for admissions is not served within 30 days after being served the discovery request.  Under Rule 36(b), a matter admitted is deemed conclusively established unless the court, on motion, permits the admission to be withdrawn.  In order to have an admission withdrawn, the moving party need not provide an explanation or excuse for the failure to serve timely responses.  Rather, the court's discretion in ruling on the motion should be exercised ". . . in terms of the effect upon the litigation and prejudice to the resisting party." Mid Valley Bank v. North Valley Bank, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991).  The burden is on the resisting party to show prejudice.  See Sonoda v. Cabrera, 255 F.3d 1035 (9th Cir. 2001).  Prejudice is not generally shown simply because the previously admitted matter would now have to be proved at trial.  See id. at 1039.  Nor is prejudice generally shown by reliance on matters deemed admitted in preparing a motion for summary judgment.  See Conlon v. United States, 474 F.3d 616, 623-34 (9th Cir. 2007).  Where an admission has been made inadvertently, it may be an abuse of discretion to not permit withdrawal.  See Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1248 (9th Cir. 1988).  The court should, however, exercise caution in permitting withdrawal of an admission.  See Conlon, 474 F.3d at 621.

Plaintiff argues that many of the facts which have been deemed admitted by way of his failure to serve timely responses are simply incorrect and that other facts are not within plaintiff's knowledge.  According to plaintiff, allowing the deemed admissions to stand would confuse the presentation of the case at trial.  Plaintiff also argues that defendant cannot show prejudice because there is no indication that it relied in any way on deemed admissions.  Citing Conlon, defendant argues that plaintiff's motion is a ". . . poorly disguised motion to extend the time to respond [to discovery]" and that the motion should be denied because plaintiff had been

notified that his responses were late and because plaintiff only sought relief after defendant filed its motion for summary judgment.

As to the first part of the test – whether allowing the admission would have an effect on the presentation of the case on the merits – the court in Conlon observed that this part of the test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." Id. at 622 (citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 195)). The court found that, because upholding the deemed admissions eliminated any need for a presentation of the merits, the first part of the test was satisfied. See id. Thus, the question is not whether allowing the deemed admissions would have any effect on a trial on the merits of the case; it is whether it would eliminate the need to reach a trial on the merits at all. Such was the situation in Conlon where summary judgment was granted almost entirely due to a deemed admission. Here, by contrast, the matters deemed admitted by plaintiff's late responses would not completely eliminate a trial on the merits. While the deemed admissions might move defendant's case a bit further at the summary judgment stage, the motion is not necessarily a winner solely due to deemed admissions, as was the situation in Conlon. Therefore, the first part of the Rule 36(b) test is not met here and plaintiff's motion should be denied.

Turning to the second part of the test – whether the resisting party can establish prejudice – the focus is on the prejudice that would be suffered at trial. See id. at 623 (citing Sonoda, 255 F.3d at 1039-40). Specifically, the resisting party must show prejudice with respect to the difficulty it will face in proving its case at trial. See id. Here, trial is currently set for October 18, 2011. Given that there are several months between now and then, it is unlikely that defendant would be prejudiced with respect to presenting its case at trial if the admissions are withdrawn.

/ / /

/ / /

/ / /

Assuming for the moment that plaintiff can meet the first part of the test by showing that allowing the deemed admission would essentially eliminate the need for a trial on the merits, plaintiff is still not entitled to relief in this case.  First, the Ninth Circuit has clearly held that, because the rule is permissive and not mandatory, the court is not required to grant relief in every case where the moving party meets the two-part test set out in Rule 36(b).  See id. at 624.  While the moving party need not show excusable neglect to obtain relief under Rule 36(b), the court may nonetheless consider whether the moving party has shown good cause for the failure to serve timely responses.  See id. at 624-25.

In this case, plaintiff's counsel cannot show good cause for his failure to serve timely responses.  According to plaintiff's counsel, he knew responses were due by January 3, 2011, per the parties' stipulation.  He also knew by December 30, 2010, that the case may be headed to full settlement.  Plaintiff's counsel cannot, however, establish that defendant's counsel told him not to worry about responses to outstanding discovery requests.  Plaintiff's counsel also states that "by January 10, 2011" he knew that his client would not agree to the settlement.  Counsel does not, however, state on which day he came to this knowledge.  If, for example, he knew on January 1, 2011, that his client would not settle, then there would be no excuse for not serving responses by January 3, 2011.  Finally, plaintiff's counsel admits that his failure to serve timely responses was "inadvertent" and, therefore, his fault and not the result of somehow being duped by defendant's counsel into missing the deadline.

For the foregoing reasons, plaintiff's motion to waive deemed admissions will be denied.  Given this ruling, defendant's motion will be withdrawn.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to waive deemed admissions (Doc. 75) is denied; and

2. Defendant's motion to compel (Doc. 74) is withdrawn and terminated as a pending motion on the court's docket.

DATED: April 7, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE