UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES T. CARDEN, JR., ROBERT L. FOX, LEON W. HEDRICK, ROBERT B. KLEE, GEORGE M. LEMBO, LOREN E. LOVELAND, TERRY D. MYERS, CHARLES R. SAMUELSON, MICHAEL B. SCHAEFER, ARTHUR J. SCHUBERT, THURLOW E. WILLIAMS, MICHELLE W. WOODS, RAYMOND E. YOUNG, WILLIAM H. ZIEGLER,<br><br>            Plaintiffs,<br><br>     v.<br><br>CHENEGA SECURITY & PROTECTION SERVICES, LLC,<br><br>            Defendant.<br>_____/ | NO. CIV. 2:09-1799 WBS CMK<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION FOR CLARIFICATION</u> |

----oo0oo----

Plaintiffs brought this action, alleging that defendant Chenega Security and Protection Services, LLC ("Chenega"), discriminated against them based on their ages by failing to hire them for security guard positions. All plaintiffs except George M. Lembo have since dismissed their claims. (Docket No. 55.) On

1

May 9, 2011, the court denied Chenega's motion for summary judgment. (Docket No. 104.) Chenega now moves for clarification of the court's Order pursuant to Federal Rule of Civil Procedure 60. Lembo, now appearing pro se, did not file an opposition or a statement of non-opposition.

The Complaint alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940. (Docket No. 1.) While the Complaint does not explicitly separate the theories of liability under which Lembo seeks to recover, but instead brings one cause of action under the ADEA and one cause of action under FEHA, it alleges both disparate treatment and disparate impact in its "factual averments." (Compl. ¶¶ 17, 18.) In his opposition to Chenega's motion for summary judgment, Lembo explained that he "now makes no claim for disparate impact, but alleges disparate treatment." (Mem. of P. & A. in Opp'n to Mot. for Summ. J. at 2:11-12 (Docket No. 57).) Chenega "requests that the Court amend its Order [denying summary judgment] to reflect that [Lembo's disparate impact] claims are dismissed pursuant to [Federal Rule of Civil Procedure 60(a) and (b)]." (Def.'s Mem. of P. & A. in Supp. of Mot. for Clarification at 1:16-17 (Docket No. 105-1).)

There was no clerical or other mistake in this court's Order of May 9, 2011, denying Chenega's motion for summary judgment. See Fed. R. Civ. P. 60(a), allowing the court to correct "a clerical mistake or a mistake arising from oversight or omission" in a judgment, order, or other part of the record. Nor was the court's Order entered through any mistake or

2

1  inadvertence.  See Fed. R. Civ. P. 60(b), allowing a court to
2  relieve a party from a final judgment, order, or proceeding
3  arising out of mistake, inadvertence, surprise, excusable
4  neglect, or any other reason justifying relief.
5         Federal Rule of Civil Procedure 56(a) provides that a
6  court shall grant summary judgment on a "claim or defense" or
7  "part of [a] claim or defense" when "the movant shows that there
8  is no genuine dispute as to any material fact and the movant is
9  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
10 Rule 56(g) provides that, if a court does not grant all relief
11 requested by a motion for summary judgment, "it may enter an
12 order stating any material fact--including an item of damages or
13 other relief--that is not genuinely in dispute and treating the
14 fact as established in the case."  Fed. R. Civ. P. 56(g)
15 (emphasis added); id. advisory committee's notes on 2010
16 amendments (court has discretion not to enter such an order).
17        Pursuant to Rule 56, then, the court could have stated
18 in its Order that it was an established fact that Chenega's
19 failure to hire Lembo was not based on a policy or practice
20 having a disparate impact on persons age forty and above,
21 contrary to paragraph 18 of the Complaint.  The court could not,
22 however, have "dismiss[ed]" Lembo's "disparate impact claims" as
23 Chenega now wishes the court to do, (Def.'s Mem. at 1:15),
24 because no such claims existed.  See Hazen Paper Co. v. Biggins,
25 507 U.S. 604, 609 (1993) (treating disparate treatment and
26 disparate impact as "theories of employment discrimination").
27 (See also Compl. ¶¶ 22-26 (alleging only two causes of action:
28 "Federal ADEA Claim" and "State FEHA Claim").)

3

Because Lembo has conceded that he no longer alleges disparate impact, there should be no concern that he will try to present the issue at trial, and amending the court's Order to add a sentence stating what Lembo has already conceded is unnecessary.  See <u>Blankenship v. Chamberlain</u>, 695 F. Supp. 2d 966, 978 (E.D. Mo. 2010) ("[I]t became clear in the briefing of this Motion that Plaintiffs have expressly abandoned certain allegations and theories of relief stated in their Complaint. . . . Plaintiffs will therefore be estopped from attempting to re-assert those theories at subsequent stages in this litigation.").  If at or before the time of trial, plaintiff should attempt to reinstate his disparate impact theory, the court will deal with it at that time.

IT IS THEREFORE ORDERED that Chenega's motion for clarification be, and the same hereby is, DENIED.

DATED:  June 28, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE